Mark R. POLING, Plaintiff,

v.

Patrolman Philip FERGUSON and Patrolman Clifford Keller, Individually and in their official capacities as Members of the City Police Department of Belington, Barbour County, West Virginia and the City of Belington, a West Virginia Municipal Corporation, Defendants.

Civ. A. No. 2:94–cv–110.

United States District Court,
N.D. West Virginia.

March 17, 1995.

James F. Cain, Elkins, WV, for plaintiff.

Michael Kozakewich, Jr., Steptoe & Johnson, Clarksburg, WV, for defendants.

## ORDER

MAXWELL, District Judge.

Plaintiff seeks to pursue his remedies in this Court pursuant to 42 U.S.C. § 1983. He alleges that defendants Ferguson and Keller, police officers employed by the defendant City of Belington, used excessive force during an unlawful arrest. Plaintiff has also alleged a cause of action against defendant City of Belington, based upon the doctrine of respondeat superior.

On December 15, 1994, defendants filed a Motion to Dismiss, and a memorandum of law in support of the motion. In support of the motion, defendants also submitted two exhibits, namely, the affidavit of Gary W. Morris, II, and a Release. Essentially, defendants urge that a release-dismissal agreement was voluntarily entered into by the plaintiff in November 1992 which precludes initiation of the instant action. Alternatively,

defendant City of Belington suggests that a § 1983 action cannot be maintained upon the doctrine of respondeat superior.

By Order entered December 19, 1994, the Court advised the parties that it would consider the exhibits and that it would dispose of the motion in accordance with Rule 56, Federal Rules of Civil Procedure. Plaintiff was provided with notice of an opportunity to respond to the motion for summary judgment.

On January 20, 1995, plaintiff filed a memorandum of law in opposition to the motion. Plaintiff concedes that he executed the release-dismissal agreement but urges that his decision to execute the release-dismissal agreement was not informed or voluntary.

■ Release-dismissal agreements are not per se invalid as contrary to public policy. *Town of Newton v. Rumery*, 480 U.S. 386, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987). Rather, the validity of such agreements must be analyzed on a "case-by-case approach [which] appropriately balances the important interests on both sides of the question of the enforceability of these agreements." *Id.* at 399, 107 S.Ct. at 1195 (O'Connor, J., concurring in part and in the judgment).

■ The federal courts have had many occasions since the *Rumery* decision to review release-dismissal agreements and have uniformly concluded that three important interests should be considered by a court when determining whether a specific agreement should be enforced. *Rumery* permits enforcement of a release-dismissal agreement if (1) it was voluntary; (2) there is no evidence of prosecutorial misconduct; and (3) enforcement would not adversely affect the public interest. *Coughlen v. Coots*, 5 F.3d 970, 973 (6th Cir.1993); *Cain v. Darby Borough*, 7 F.3d 377, 380 (3rd Cir.1993); *Berry v. Peterson*, 887 F.2d 635, 636 (5th Cir.1989); *Lynch v. City of Alhambra*, 880 F.2d 1122, 1126 (9th Cir.1989); *Haynesworth v. Miller*, 820 F.2d 1245, 1256 (D.C.Cir.1987); *Hall v. Ochs*, 817 F.2d 920, 923 (1st Cir.1987) (release-dismissal agreement must be voluntary); *see also,* pre-*Rumery* case of *Bushnell v. Rossetti*, 750 F.2d 298, 302 (4th Cir.1984) (release-dismiss-

al agreements can only be enforced if the decision to release was voluntary, deliberate, and informed).

From the text of Rule 56(c) of the Federal Rules of Civil Procedure, it is clear that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the movant; for, it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.*, 906 F.2d 972, 974 (4th Cir.1990).

However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

■ The burden of proving the enforceability of a release-dismissal agreement is upon the party asserting it as a defense to a § 1983 claim. *Coughlen v. Coots*, 5 F.3d at

973.[1] In support of their motion for summary judgment, defendants cite facts which show that plaintiff's execution of the release was voluntary, that there was no prosecutorial misconduct, and that enforcement of the release will not adversely affect relevant public interests.

■ In particular, defendants rely on the affidavit of Gary W. Morris, II, Prosecuting Attorney for Barbour County, West Virginia. The affidavit establishes that plaintiff was not in custody at the time the release was negotiated or executed; plaintiff was represented in the criminal matter by an experienced criminal attorney; plaintiff's criminal counsel approached the prosecuting attorney about dismissal of the pending criminal charges; the prosecuting attorney agreed to dismiss the criminal charges after considering the most efficient way to utilize the resources of the Office of Prosecuting Attorney; and the plaintiff conferred with his attorney prior to executing the release. These facts, if uncontested, meet defendants' burden of asserting the release as a valid defense to plaintiff's claims.

To counter these facts, plaintiff has submitted an affidavit which denies that he knowingly and voluntarily executed the release. Plaintiff has also submitted the affidavit of R. Mike Mullens, an experienced attorney who represented plaintiff on the criminal charges. Defense counsel's affidavit does not corroborate the representations made by plaintiff in his affidavit. Moreover, Mr. Mullens' affidavit does not, in any significant manner, contradict the affidavit of Prosecutor Morris.

■ The first critical interest which must be considered is whether plaintiff's execution of the release agreement was voluntary. At least six factors have been identified as relevant to this inquiry: (1) the sophistication of the criminal defendant; (2) whether the de-

fendant was in custody when he made the agreement; (3) whether the defendant was represented by counsel who drafted the agreement; (4) whether the defendant had ample time to consider the agreement before signing it; (5) the nature of the criminal charges; and (6) whether the agreement was formed under judicial supervision. *Rumery*, 480 U.S. at 394, 401–402, 107 S.Ct. at 1192–93, 1196–97; *Hill v. City of Cleveland*, 12 F.3d 575, 578 (6th Cir.1993).

In considering all matters of record, the Court finds that plaintiff knowingly and voluntarily released the claims he now seeks to prosecute. While the record establishes that plaintiff was youthful at the time the incident occurred (age 22), he was an adult. In addition, he is a high school graduate, and although he has not received advanced formal education, his affidavit reflects that he is articulate and capable of comprehending the consequences of signing a release. The release language used is simple and easy to comprehend; it is not, by any standards, a complex legal document typical of liability releases. Moreover, plaintiff's "lack of sophistication was offset by the presence of a knowledgeable and experienced defense attorney." *Hill v. City of Cleveland*, 12 F.3d at 578.

The Court also finds that plaintiff was not incarcerated at the time he executed the release, and he was represented by experienced, competent counsel.[2] The language of the release was typed by a magistrate clerk, an objective third party. It would appear that Mr. Mullens participated in the drafting of the language of the agreement.[3]

While plaintiff urges that Mr. Mullens failed to fully apprise him of the consequences of the release and that he discussed the matter with Mr. Mullens for only five minutes,[4] the Court finds, under the totality of the circumstances, that his execution of

---

1. The four *Rumery* dissenters joined Justice O'Connor's burden of proof analysis in her concurring opinion.

2. Mr. Mullens has appeared before the bar of this Court on numerous occasions. He possesses many years of legal experience in representing both criminal defendants and civil litigants in state and federal courts.

3. Plaintiff's affidavit represents that Prosecutor Morris did not prepare the release agreement.

4. Mr. Mullens' affidavit does not corroborate plaintiff's representations.

the release was informed and voluntary. The underlying incident and plaintiff's arrest occurred on August 20, 1992. Plaintiff was released on a $1,000 property bond the next day. The release agreement was not executed until November 4, 1992. The plaintiff had over two months to consider various options with regard to the criminal charges.

As evidenced by the $1,000 property bond and the involvement of the county magistrate's office rather than the circuit court, the charges against plaintiff were relatively minor. Plaintiff's situation was not particularly coercive, and the consequences of conviction on the criminal charges were not particularly calamitous.

Finally, it would appear that there was some minimal judicial supervision surrounding the execution of the release agreement. It was typed in the magistrate's office and the defendant entered a nolo contendere plea to two of the four criminal charges in the Magistrate Court in Barbour County. Plaintiff's affidavit represents that he appeared before the Magistrate for approximately thirty (30) minutes.

The Court also finds another relevant factor exists in this case. Plaintiff not only released his claims against the officers, but these officers also released any civil claims they may have raised against him for his actions.[5]

While the courts have been careful not to prejudge civil rights claims, the courts have been cautioned to examine the circumstances of the alleged police misconduct as such evidence may be probative of prosecutorial overreaching and the degree to which enforcing the agreement would serve the public interest. *Coughlen v. Coots,* 5 F.3d at 974. In this case, substantial evidence of plaintiff's assault on these officers is apparent from the record. As a result of plaintiff's conduct, criminal charges were filed by the police officers, but these charges were not unfounded. There is also no evidence that the prosecutor filed frivolous charges after learning of a potential civil claim.

Accordingly, it is apparent from the record that plaintiff made an informed decision to execute the release agreement. It is also apparent that there is no evidence of prosecutorial misconduct and that enforcement of the agreement will not adversely affect relevant public interests.[6] Finally, the plaintiff benefitted from the agreement; he was relieved of civil and criminal liability for assaulting the police officers. Accordingly, it is

**ORDERED** that defendants' Motion to Dismiss, construed as a Motion for Summary Judgment, be and the same is hereby, **GRANTED.** It is further

**ORDERED** that the Clerk of Court shall enter judgment for the defendants and that the above-styled civil action is **DISMISSED** with prejudice and **STRICKEN** from the docket of the Court.

---

5. The Release reads as follows: "This release made this 4th of November, 1992 by Mark Poling and Clifford Keller and the City of Belington. Whereas there exists criminal and civil matters in controversy between the parties, and the parties finally and fully resolve these matters, Poling by his Counsel Mullens and whereas Keller has agreed to recommend to the criminal Court no jail time to be served in regard to Polings' part in The 8/20/92 incident involving the parties and Poling therefore, fully finally and completely releases any claim whatsoever he may have against the City of Belington, Clifford Keller, Dan Scott and Phil Ferguson from incident occurring August 20, 1992 in Belington, WV involving said parties; and Ferguson, Keller and Scott release Poling further from any civil liability in regard thereto."

6. In this case, the release-dismissal agreement was used as a legitimate criminal justice tool. There is no question that a physical altercation occurred between the police officers and the plaintiff. However, it would be extremely difficult for the prosecutor to ascertain whether plaintiff's alleged injuries occurred as a result of excessive force or as a result of blows the officers may have made in self defense or in an attempt to subdue the plaintiff at the time of his arrest. Faced with this dilemma, it was not unreasonable for the prosecutor to "achieve a rough substantial justice where the 'true' facts of the case are not known" by "allow[ing] everyone to declare the case a draw and go home." *Coughlen v. Coots,* 5 F.3d at 975, quoting, *Lynch v. City of Alhambra,* 880 F.2d at 1127, n. 8.